

Villanova University School of Law

**2008 Decisions**

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2008

# In Re: Frederick Sisneros

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4027

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Frederick Sisneros " (2008). *2008 Decisions.* Paper 204.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/204

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4027

_____

IN RE:  FREDERICK C. SISNEROS,
                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:07-cv-04294)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 30, 2008
Before: BARRY, AMBRO and SMITH, Circuit Judges

(Opinion filed: November 20, 2008)

_____

OPINION

_____

PER CURIAM

Petitioner Frederick M. Sisneros, a prisoner proceeding pro se, seeks a writ of

mandamus (1) compelling the District Court to vacate the order of a recused District

Court judge dismissing Petitioner's second habeas corpus petition and (2) directing the

District Court to treat that petition as a first habeas corpus petition for purposes of 28

U.S.C. § 2244.  For the reasons that follow, we will deny the petition.

**I.**

Sisneros first filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in November 1997. The Honorable Harvey Bartle, III, denied that petition on the merits in March 1998. Sisneros filed a notice of appeal, and we denied his request for a certificate of appealability. C.A. No. 98-1282.

Sisneros filed another § 2254 petition in July 2004, raising the same claims alleged in the earlier § 2254 petition. The petition was assigned to the Honorable Lawrence F. Stengel, who dismissed it with prejudice in November 2004 as an unauthorized second or successive habeas petition, pursuant to 28 U.S.C. § 2244. Unbeknownst to Judge Stengel at that point, he had at one time participated in Sisneros' criminal proceedings at the state level. Specifically, in 1994, Judge Stengel had signed a show cause order in Sisneros' case directing the Commonwealth to show cause why various charges against Sisneros should not be dismissed. Judge Stengel did so as part of his ministerial duties as Business Judge in the Court of Common Pleas, Lancaster County.

In October 2007, Sisneros filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure arguing that the 2004 dismissal of his habeas petition should be vacated because of Judge Stengel's participation in his state court proceedings. Sisneros relies on the supervisory rule we announced in Clemmons v. Wolfe, directing "each federal judge in this circuit [to] recuse himself or herself from participating in a 28 U.S.C. § 2254 habeas corpus petition of a defendant raising any issue concerning the trial or

2

conviction over which that judge presided in his or her former capacity as a state court judge." 377 F.3d 322, 329 (3d Cir. 2004). Sisneros later filed a motion in the District Court pursuant to 28 U.S.C. § 455, seeking recusal of Judge Stengel from any further proceedings, including resolution of the Rule 60(b) motion. Sisneros also filed a petition for writ of mandamus in this Court directing Judge Stengel's recusal, which we denied without prejudice because the § 455 motion was pending. Judge Stengel subsequently granted the § 455 motion. The matter was reassigned to Judge Michael M. Baylson, who dismissed the Rule 60(b) motion because the District Court lacked jurisdiction over the second habeas petition and because the Rule 60(b) motion amounted to an unauthorized successive habeas petition. Sisneros has evidently appealed neither the dismissal of his 2004 petition nor the dismissal of his Rule 60(b) motion.

Sisneros now argues that because Judge Stengel should not have participated in the consideration of the 2004 § 2254 petition, his order denying that petition should be vacated. He further argues that because his 1997 § 2254 petition was mixed, it should have been dismissed without prejudice, rendering his 2004 petition his first for purposes for § 2244.

## II.

Sisneros argues that the supervisory rule articulated in Clemmons requires vacatur of Judge Stengel's dismissal order. However, Judge Stengel did not "preside over" Sisneros' "trial or conviction," but merely issued a show cause order, as noted above.

3

Moreover, because Sisneros' 2004 petition was his second, and because we had not granted him permission to file it, Judge Stengel had no choice but to dismiss the petition for lack of jurisdiction. Burton v. Stewart, 549 U.S. 147 (2007). For these reasons, it is unclear whether Clemmons applies here.

We need not resolve that question in this case, because even if Clemmons applied to the 2004 petition, mandamus relief is not warranted. It is true that mandamus is a proper means of challenging a district judge's refusal to recuse himself pursuant to § 455. See In re Sch. Asbestos Litig., 977 F.2d 764, 774-75 (3d Cir. 1992). However, Judge Stengel granted Sisneros' § 455 motion and the Rule 60(b) motion was ruled on by Judge Baylson.

Nor does Sisneros have a "clear and indisputable" right to an order vacating the order dismissing his 2004 petition or to an order deeming that petition his first for purposes of § 2244. See In re Pressman-Gutman Co., 459 F.3d 383, 398-99 (3d Cir. 2006). Despite his allegations, Sisneros' first petition was not a mixed petition and was properly denied on the merits. As a result, no matter who the judge was, the District Court was required to dismiss his 2004 petition for lack of jurisdiction because we had not authorized its filing. See Burton, 549 U.S. 147. Vacating Judge Stengel's order of dismissal would be a futile gesture because the District Court would be required to replace it with another order to the same effect. To the extent that Sisneros is attempting to appeal the denial of his Rule 60(b) motion, we note that mandamus is not a substitute

4

for appeal.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 379 (3d Cir. 2005).

Accordingly, we will deny the petition.